UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAMAR J. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | 20 C 7290 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| FedEx CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Lamar Brown brought this suit against his former employer, FedEx Corporation, alleging age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, and race and color discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Doc. 8. FedEx moves for summary judgment. Doc. 30. The motion is granted.

**Background**

Consistent with Local Rule 56.1(a)(2), FedEx filed a statement of undisputed facts along with its summary judgment motion. Doc. 31. Because Brown is representing himself, FedEx served him with a Local Rule 56.2 Notice, which explained in detail the requirements of Local Rule 56.1. Doc. 32. Brown filed a Local Rule 56.1(b)(2) response to only some of FedEx's Local Rule 56.1(a)(2) factual assertions and did not file a Local Rule 56.1(b)(3) statement of additional facts. Doc. 34. As a result, except where Brown has complied with Local Rule 56.1(b)(2) in disputing in FedEx's Local Rule 56.1(a)(2) statement, FedEx's factual assertions are deemed admitted. *See* N.D. Ill. L.R. 56.1(e)(3) ("Asserted facts may be deemed admitted if not controverted with specific citations to evidentiary material."); *Cracco v. Vitran Exp., Inc.*,

1

559 F.3d 625, 632 (7th Cir. 2009) (When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion.). The court recites the facts as favorably to Brown as the record and Local Rule 56.1 permit. *See Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018). At this juncture, the court must assume the truth of those facts, but does not vouch for them. *See Gates v. Bd. of Educ. of Chi.*, 916 F.3d 631, 633 (7th Cir. 2019).

Brown, a Black man born in 1955, started working for FedEx in 2009 as a part-time courier. Doc. 31 at ¶ 6; Doc. 34 at 1. In February 2016, when he was sixty years old, he applied for and accepted a full-time Swing Courier position. Doc. 31-3 at 20-21; Doc. 31 at ¶ 6. FedEx maintains a vehicle accident/occurrences policy called Policy 8-90, which states in pertinent part: "Any combination of six preventable accidents/occurrences and/or moving violation convictions obtained in a FedEx Express vehicle in a 60 month period results in removal from driving duties for remainder of the employee's FedEx Express employment or termination of employment." Doc. 31 at ¶ 19; Doc. 31-3 at 67, 75. Brown had six accidents or occurrences from March 2016 through September 2019, and FedEx determined that each was preventable.

First, on March 10, 2016, Brown hit a light pole with his FedEx vehicle. Doc. 31 at ¶ 20. FedEx determined that this accident was preventable and issued him an Online Counseling or Compliment ("OLCC") regarding safe driving practices. *Id*. at ¶ 22.

Second, on April 22, 2016, Brown dented his truck while pulling out of a parking lot. Doc. 31-3 at 60. FedEx determined that this accident was preventable and issued Brown a performance reminder. Doc. 31 at ¶¶ 23-24.

Third, on March 30, 2017, Brown hit a boulder with his FedEx vehicle. *Id*. at ¶ 25. FedEx determined that this accident was preventable, gave Brown a post-accident check ride, and issued him an OLCC. *Id*. at ¶¶ 25-28.

Fourth, on September 11, 2018, Brown's FedEx vehicle was side swiped when he opened his door. *Id*. at ¶ 29. FedEx determined that this accident was preventable. *Id*. at ¶ 30.

Fifth, on July 2, 2019, a person riding a bicycle hit Brown's FedEx vehicle. *Id*. at ¶ 31. FedEx placed Brown on an investigatory suspension with pay and determined that the accident was preventable. *Id*. at ¶¶ 32-33. Brown appealed the preventability determination, and a FedEx Vice President upheld it. *Id*. at ¶¶ 35-36. FedEx issued Brown a Warning Letter, Brown appealed it, and FedEx upheld the decision. *Id*. at ¶¶ 37-40.

Sixth, on September 9, 2019, Brown's FedEx vehicle collided with another vehicle. *Id*. at ¶ 41. The police gave Brown a warning for failure to yield at an intersection. *Id*. at ¶ 43. FedEx placed Brown on investigatory suspension with pay, determined that the accident was preventable, and issued him a Warning Letter. *Id*. at ¶¶ 42, 44-46.

Invoking Policy 8-90 and citing his six preventable accidents or occurrences in a 60-month period, FedEx removed Brown from his driving duties and placed him on a 90-day leave of absence. *Id*. at ¶¶ 51-52. During the 90-day period, Brown was permitted to apply for open positions within FedEx but failed to do so, which effectively resulted in his termination from FedEx. *Id*. at ¶¶ 52-53.

## Discussion

### I. ADEA Claim

The ADEA "makes it unlawful for an employer … 'to fail or refuse to hire … or otherwise discriminate against any individual with respect to his compensation, terms,

3

conditions, or privileges of employment, because of such individual's age.'" *Carson v. Lake Cnty.*, 865 F.3d 526, 532 (7th Cir. 2017) (quoting 29 U.S.C. § 623(a)(1)). To forestall summary judgment on his ADEA claim, Brown contends that: (1) FedEx considered younger individuals for the Swing Courier position, the position that he was offered and accepted in 2016; (2) FedEx used the six above-referenced incidents as pretext to terminate him because of his age; and (3) a senior manager named Lori Piazzi did not want to sign his offer letter for the Swing Courier position because of his age. Doc. 34 at 1-2.

Under the framework set forth in *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760 (7th Cir. 2016), Brown's ADEA claim survives summary judgment if he adduces evidence that, "considered as a whole," would allow a reasonable jury to find that his age caused his termination. *Id.* at 765; *see also Skiba v. Ill. Cent. R.R.*, 884 F.3d 708, 719 (7th Cir. 2018) ("Because plaintiff seeks to recover under a theory of disparate treatment, he must prove, by a preponderance of the evidence, that age was the but-for cause of the challenged adverse employment action.") (internal quotation marks omitted). To satisfy his evidentiary burden, Brown may rely on the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Ortiz*, 834 F.3d 766. The *McDonnell Douglas* framework requires Brown to adduce evidence showing that he belonged to a protected age class, met his employer's legitimate expectations, suffered an adverse employment action, and was similarly situated to other employees who were not members of the protected class and who were treated better—together, his *prima facie* case—provided that FedEx fails to articulate a reasonable alternative explanation for his being placed on a leave of absence and effectively terminated or he shows that FedEx's proffered alternative explanation is a pretext for discriminatory animus. *See David v. Bd. of Trs. of Cmty. Coll. Dist. No. 508*, 846 F.3d 216, 225 (7th Cir. 2017). That

4

framework is just one way the record can allow a reasonable jury to find age discrimination. *See Volling v. Kurtz Paramed. Servs., Inc.*, 840 F.3d 378, 383 (7th Cir. 2016) (noting that *McDonnell Douglas* provides "a common, but not exclusive, method of establishing a triable issue of intentional discrimination") (internal quotation marks omitted). The court may not limit its analysis to *McDonnell Douglas*, and it may not treat some evidence as relevant to the *McDonnell Douglas* analysis but not to the central question of whether, "consider[ing] all admissible evidence" as a whole, "a reasonable jury could find that [Brown] suffered an adverse action because of [his] age." *Skiba*, 884 F.3d at 720 (internal quotation marks omitted); *see also Terry v. Gary Cmty. Sch. Corp.*, 910 F.3d 1000, 1004-05 (7th Cir. 2018) ("Although the oft-cited burden shifting framework from *McDonnell Douglas* … provides a means of organizing, presenting, and assessing circumstantial evidence, we must consider the evidence as a whole in deciding whether to grant summary judgment.") (citations and internal quotation marks omitted).

Accordingly, the court will "begin [its] assessment of the evidence by employing th[e *McDonnell Douglas*] construct and addressing first whether [Brown] has established" a genuine dispute under that framework. *David*, 846 F.3d at 224. If Brown fails to do so, the court will then "assess cumulatively all the evidence … to determine whether it permits a reasonable factfinder to determine that" FedEx effectively terminated him due to his age. *Ibid.*; *see also Barbera v. Pearson Educ., Inc.*, 906 F.3d 621, 631 (7th Cir. 2018) (similar).

Brown fails to establish his *prima facie* case under *McDonnell Douglas* because he does not adduce evidence sufficient to show that he met FedEx's legitimate expectations. It is undisputed that FedEx expects, pursuant to Policy 8-90, that employees will not incur six or more preventable accidents or occurrences within a sixty-month period. The evidence shows

5

that Brown did not meet that expectation, as he incurred six preventable accidents over the course of 42 months.

Brown contends that FedEx erred in deeming preventable one or more of the accidents, Doc. 34 at 3-4, and therefore that he should not be considered to have triggered the threshold set by Policy 8-90. But Brown's contention rests solely on his subjective view of the accidents, and the record provides no basis to doubt the sincerity or accuracy of FedEx's application of Policy 8-90 to his circumstances or its determination that all six accidents were preventable. *See Butler v. Am. Foods Grp., LLC*, 538 F. App'x 725, 726 (7th Cir. 2013) ("[The plaintiff] essentially asks us to second-guess his employer's interpretation of its attendance rules. The judiciary is not, however, a super-personnel department that reinvestigates employee disputes."); *Hudson v. Wal-Mart Stores, Inc.*, 412 F.3d 781, 786 (7th Cir. 2012) (similar); *Giannopoulos v. Brach & Brock Confections, Inc.*, 109 F.3d 406, 411 (7th Cir. 1997) ("[The plaintiff] cannot avoid summary judgment with an unadorned claim that a jury might not believe [the employer's] explanation for his termination; he must point to evidence suggesting that [the employer] did not honestly believe that explanation.").

An independent ground for holding that Brown does not make his *prima facie* case under *McDonnell Douglas* is his failure to adduce evidence showing that a similarly situated employee unprotected by the ADEA was treated more favorably than he was. The ADEA protects "individuals who are at least 40 years of age." 29 U.S.C. § 631(a). A successful *McDonnell Douglas* theory under the ADEA therefore requires a plaintiff to identify a comparator who is less than 40 years old. *See Dewitt v. Proctor Hosp.*, 517 F.3d 944, 947 (7th Cir. 2008) ("[The plaintiff's] inability to satisfy the requirement, under the often-cited *McDonnell Douglas* test, that she was replaced by someone outside the protected group—someone under 40 years of

6

age—dooms her age discrimination claim."). Moreover, "[i]n cases such as this, where the plaintiff alleges the employer disciplined him more harshly than his comparator, the most-relevant similarities are those between the employees' alleged misconduct, performance standards, and disciplining supervisor, rather than job description and duties." *de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 559 (7th Cir. 2019) (internal quotation marks omitted). In deciding whether two employees engaged in similar misconduct, "[t]he critical question is whether [they] have engaged in conduct of comparable seriousness." *Ibid*.

None of Brown's named comparators are sufficient. Brown identifies an employee named Easter, but the only information he provides about her is that she is "[a]bout 30-some" and that she had an accident while on probation. Doc. 31-2 at 21, 23. Even assuming the accuracy of those assertions, Brown fails to show that Easter's one accident while on probation was as serious as Brown's six accidents over a 42-month period. *See Harris v. Warrick Cnty. Sheriff's Dep't*, 666 F.3d 444, 449 (7th Cir. 2012) (holding that a proposed comparator is insufficient where "there are material distinctions between [the plaintiff's] misconduct and the performance problems exhibited by the [proposed comparator]").

Brown next identifies Maria Bravo, but the only information he provides about her is that he believes that "she's about maybe 30" and that she was involved in accidents while on probation. Doc. 31-2 at 21-22; Doc. 30 at 12. FedEx adduces evidence that Bravo was involved in three preventable accidents from July 13, 2017, through July 6, 2018, and that she was over forty years old at the time. Doc. 31-5 at ¶ 7. The fact that Bravo was over forty when her accidents took place makes her an inappropriate comparator for purposes of Brown's ADEA claim. Additionally, despite her age, Bravo had only three preventable accidents, while Brown had six, so only he violated Policy 8-90.

Finally, Brown identifies Jonathan Montiel as a comparator. Doc. 31-2 at 22, 24; Doc. 30 at 12. Montiel received a Warning Letter and one day unpaid suspension after one accident. Doc. 30 at 12-13. Like Bravo, Montiel did not commit six preventable accidents and did not run afoul of Policy 8-90, and therefore is not an appropriate comparator.

Brown's ADEA claim also fails under the *Ortiz* holistic approach. FedEx's justification for terminating Brown—his violation of Policy 8-90 by having six preventable accidents in 42 months—is eminently reasonable. And the record offers no support for the proposition that Brown's age played any role in FedEx's determination that his six accidents were preventable or in its decision to place him on a leave of absence and effectively terminate him. Brown does argue that Piazzi refused to sign his offer letter for the Swing Courier position because of his age. Doc. 34 at 2. However, Brown was still offered and accepted the position, so Piazzi's actions cannot undermine the age-neutral rationales offered by FedEx for his effective termination. *See Skiba*, 884 F.3d at 724 (holding that an employment discrimination plaintiff can survive summary judgment only if a jury could reasonably find that the employer's stated reasons for an adverse employment action were "a lie" rather than an honest mistake based on "inaccurate or unfair" information) (internal quotation marks omitted).

Because no reasonable jury could find that Brown was effectively terminated because of his age, FedEx is granted summary judgment on his ADEA claim.

## II. Title VII Claim

Title VII's antidiscrimination provision makes it "unlawful … for an employer … to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). As with his ADEA claim, Brown fails to establish his *prima*

*facie* case under *McDonnell Douglas* for his Title VII race and color discrimination claim because he adduces no evidence to show that he met FedEx's legitimate expectations and identifies no similarly situated employee of a different race or color who was treated more favorably than he was.

Because Brown cannot forestall summary judgment on his Title VII claim under *McDonnell Douglas*, the court next "assess[es] cumulatively all the evidence" on which he relies "to determine whether it permits a reasonable factfinder to determine" that he was denied promotion because of his race or color. *David*, 846 F.3d at 224. Brown's Title VII claim fares no better under that approach. There is no evidence that FedEx considered Brown's race or color in deciding to place him on a leave of absence and effectively terminate him. Brown argues that his accidents should have been deemed not preventable. Doc. 34 at 3-4. But, as explained above, Brown's subjective belief about the preventability of the accidents is insufficient to undermine FedEx's determination that they were preventable. *See Butler*, 538 F. App'x at 726; *Hudson*, 412 F.3d at 786; *Giannopoulos*, 109 F.3d at 411.

Because no reasonable jury could conclude that Brown was terminated because of his race or color, FedEx is granted summary judgment on his Title VII claim.

### Conclusion

FedEx's summary judgment motion is granted. Judgment will be entered in favor of FedEx and against Brown.

January 28, 2022

_____
United States District Judge

9